STEVEN K. WILSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 10291-81
United States Tax Court
T.C. Memo 1983-275; 1983 Tax Ct. Memo LEXIS 512; 46 T.C.M. (CCH) 182; T.C.M. (RIA) 83275; May 18, 1983. Vincent L. Alsfeld, for the petitioner. Paul J. Dee, Jr., for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,754 in petitioner's Federal income tax for 1977. The sole issue for decision is whether petitioner Steven K. Wilson is entitled to deduct as education expenses under section 162(a) *513 [1] certain payments for flight training expenses for which he received nontaxable reimbursements from the Veterans' Administration during 1977. This case was submitted fully stipulated pursuant to Rule 122. At the time he filed his petition, petitioner Steven K. Wilson resided at New Boston, New Hampshire. During 1977, petitioner was employed as a commercial airline pilot by Eastern Airlines, Inc. In that year, he enrolled in a course for the purpose of obtaining an airline transport pilot certificate. The flight training portion of the course was conducted by Jet Executive International of Fort Lauderdale, Florida (hereinafter JEI) and the ground training portion was conducted by Pompano Air Center, Inc. of Pompano Beach, Florida (hereinafter PAC). In connection with this course, petitioner made expenditures for tuition and received a nontaxable "educational assistance allowance" from the Veterans' Administration (VA)[2] as follows: JEI
PAC
TOTAL
Tuition Cost
$3,772
$1,321
$5,093
Payments by VA
3,396
1,188
4,584
*514 The educational allowance checks from the VA were endorsed by petitioner over to JEI and PAC as part payment for course tuition. Petitioner paid the remaining portion of the tuition from his own funds, and respondent allowed a deduction for this nonreimbursed portion. The training course was not taken by petitioner to meet the minimum educational requirements of his trade or business; nor did it qualify him for a new trade or business. The expenditures were ordinary, necessary and reasonable, and were made while petitioner was carrying on a trade or business. As petitioner's counsel recognizes, the question at issue is controlled by our Court-reviewed opinion in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982). In Manocchio, this Court held that a deduction claimed for *515 VA reimbursed flight training expenses was disallowed by section 265(1). [3] That section denies the deduction for any otherwise deductible amount which is "allocable to one or more classes of income other than interest" exempt from tax. Under section 1.265-1(b)(1), Income Tax Regs., a class of tax exempt income includes any class of income excluded from gross income under the provisions of the Internal Revenue Code or any other law; petitioner's VA payments are excluded from gross income by 38 U.S.C. sec. 3101(a). For the reasons detailed in Manocchio, we think that the direct relationship between the educational expense and the VA reimbursement payment shows that the expense was "allocable" to the VA payment within the meaning of section 265(1). Thus, petitioner is not entitled, under the Manocchio rule, to a deduction for the amount of the education expense which was reimbursed by the VA. The Court's opinion in Manocchio is dispositive of this case. [4]
*516 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. At the time in question, petitioner was a veteran eligible for an educational assistance allowance and the course was an approved flight training course. 38 U.S.C. secs. 1677(a), 1661(a)↩. The nontaxable educational assistance allowance was conditioned on petitioner's taking the training course and incurring the costs.
3. SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME No deduction shall be allowed for- (1) Expenses-Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.↩
4. See e.g. Russell v. Commissioner,T.C. Memo 1983-42; Wells v. Commissioner,T.C. Memo 1982-676; Murphy v. Commissioner,T.C. Memo 1982-634↩.